Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ISRAEL RAMOS GUZMÁN<br><br>Demandante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Parte Recurrida<br><br>**COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO, POR SÍ Y EN REPRESENTACIÓN DE POPULAR AUTO LLC**<br><br>**Parte Peticionaria**<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>Parte Recurrida | KLCE202300015 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Civil núm.: NG2021CV00138 (205)<br><br>Sobre: Impugnación de Confiscaciones (Ley Núm. 119-2011)<br><br>Civil núm.: HU2021CV01276 (205)<br><br>Sobre: Impugnación de Confiscaciones (Ley Núm. 119-2011) |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez.[1]

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2023.

La parte peticionaria, Cooperativa de Seguros Múltiples de Puerto Rico, por sí y en representación de Popular Auto LLC (Cooperativa o parte peticionaria), instó el presente recurso de *certiorari* el 9 de enero de 2023. Solicita que revoquemos la Resolución emitida el 1 de diciembre de 2022, notificada el 5 de

---

[1] Véase Orden Administrativa OAJP-2022-099A.

diciembre de 2022[2] por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante TPI). Mediante el referido dictamen, el TPI denegó la solicitud de sentencia sumaria presentada por la Cooperativa.

Examinado el recurso y los documentos adjuntados al mismo, así como el *Alegato del Gobierno de Puerto Rico,* y a luz del derecho aplicable, este Tribunal expide el auto solicitado, revoca la determinación recurrida y devuelve el caso al TPI para que emita un dictamen que cumpla con la Regla 36.4 de Procedimiento Civil, *infra.*

I.

El 7 de noviembre de 2021, el Estado Libre Asociado de Puerto Rico (en adelante ELA o parte recurrida), a través de la Policía de Puerto Rico, ocupó al Sr. Israel Ramos Guzmán (Sr. Ramos Guzmán o arrendatario), el vehículo de motor marca Porsche, modelo 911 Turbo, año 2021, tablilla JSL-551, propiedad de Popular Auto, LLC (Popular Auto o arrendador), por haberse utilizado en violación al Art. 5.06 de la *Ley de Vehículos y Tránsito de Puerto Rico*, Ley Núm. 22-2000, según enmendada[3].

El 15 de noviembre de 2021, el ELA notificó a Popular Auto sobre la confiscación del vehículo. El 23 de noviembre de 2021, Popular Auto y la Cooperativa presentaron demanda de impugnación de confiscación[4]. En ésta, Popular adujo ser el dueño registral y arrendador del vehículo confiscado. Por su parte, la Cooperativa alegó tener interés legal en el caso por haber expedido una póliza de seguro a favor de Popular Auto para asegurar el riesgo de confiscaciones. Ambas, argumentaron que el vehículo no fue utilizado para cometer ningún acto delictivo confiscatorio. En la alternativa, levantaron la defensa del tercero inocente ajeno a los

---

[2] El TPI, mediante Resolución emitida y notificada el 8 de diciembre de 2022, denegó la solicitud de reconsideración presentada por la Cooperativa.

[3] 9 LPRA sec. 5126. La comisión de tal infracción apareja la confiscación de la unidad vehicular. *Íd.*

[4] Caso número HU2021CV01276.

alegados actos delictivos que dieron lugar a la confiscación del vehículo[5]. Además, plantearon la inconstitucionalidad de la *Ley Uniforme de Confiscaciones de 2011*, Ley Núm. 119-2011[6], razonando que dicho estatuto les priva de su interés propietario sin la debida compensación y en contravención al debido proceso de ley. Así, solicitaron se declarara la nulidad de la confiscación.

En su contestación a la demanda, el ELA adujo que, a tenor con la *Ley Uniforme de Confiscaciones de 2011*, supra, la defensa del tercero inocente requiere que el dueño del vehículo confiscado no haya cedido voluntariamente la posesión del mismo al infractor. En esa línea, afirmó que, a través del contrato de arrendamiento, Popular Auto cedió voluntariamente la posesión del auto al Sr. Ramos Guzmán y, por tanto, la parte peticionaria no podía considerarse un tercero inocente ajeno a los hechos delictivos que motivaron la confiscación.

Tras la consolidación de los casos número NG2021CV00138 y HU2021CV01276[7], la parte peticionaria presentó *Moción Solicitando Sentencia Sumaria por Figura de Tercero Inocente*[8]. En resumen, alegó que no existía controversia en cuanto a los hechos materiales del caso y que procedía que se dictara sentencia sumaria a su favor decretando la nulidad de la confiscación al amparo de la defensa del tercero inocente.  En específico, señaló que es la titular registral del vehículo confiscado; que arrendó dicho automóvil al Sr. Ramos Guzmán; que el contrato de arrendamiento abierto *(leasing)* detalló instrucciones expresas que describían la conducta prohibida al arrendatario al hacer uso del vehículo y que el Sr. Ramos Guzmán no observó dichas instrucciones al utilizar el carro en competencias

---

[5] El proceso penal iniciado por el ELA contra el Sr. Israel Ramos Guzmán (Crim. Núm. H2TR202100020) concluyó el 20 de enero de 2023.
[6] 34 LPRA sec. 1724 *et seq.*
[7] Apéndice del recurso, página 51.
[8] *Íd.,* págs. 56-86.

de velocidad[9]. La parte peticionaria razonó que, al haber tomado medidas cautelares para evitar el acto delictivo, era un tercero inocente cuya propiedad no estaba sujeta a ser confiscada por el Estado.

Por su parte, el ELA presentó su oposición a la solicitud de sentencia sumaria[10]. En esta argumentó que a la parte peticionaria no le cobijaba la figura del tercero inocente porque el dueño del vehículo confiscado había cedido voluntariamente la posesión del mismo al infractor. Añadió que la parte peticionaria tampoco podía reclamar la protección contra la confiscación establecida en el Artículo 25 de la *Ley Uniforme de Confiscaciones de 2011[11]* aplicable a los arrendamientos de vehículos a corto plazo, ya que el *leasing* del presente caso excedía el periodo total de duración de tres (3) meses, incluyendo las renovaciones, extensiones o modificaciones del acuerdo. Por último, indicó que la parte peticionaria tampoco había refutado la presunción de legalidad de la confiscación. Por ello, solicitó que se desestimara la demanda de impugnación de confiscación.

El 1 de diciembre de 2022, notificada el 5 de diciembre de 2022, el TPI emitió la *Resolución*[12] que nos ocupa. En su dictamen, el foro primario explicó que la defensa de tercero inocente protege al propietario que no ha puesto el vehículo en posesión del infractor voluntariamente, o cuando se han tomado medidas cautelares expresas para precaver el uso ilegal de la propiedad en la comisión de un delito. Cónsono con dicho pronunciamiento, el TPI determinó que debía evaluar si las advertencias en "letras pequeñas" que la arrendadora incluyó en el contrato de *leasing* – que describen la conducta prohibida al arrendatario - constituían garantía suficiente

---

[9] Véase, cláusula nueve (9) del contrato núm. 02-500-69623. *Íd.,* pág. 83.
[10] *Íd.,* págs. 87-101.
[11] 34 LPRA sec. 1724v.
[12] Véase, *Resolución,* apéndice del recurso, págs. 1-8.

para adjudicar que la parte peticionaria tomó las medidas cautelares para evitar el uso ilegal de la propiedad. Concluyó, además, que, toda vez que el *leasing* de este caso excede el periodo total de tres (3) meses, a la parte peticionaria no le cobijaba la excepción aplicable a los arrendamientos a corto plazo. En virtud de lo anterior, el TPI denegó la solicitud de sentencia sumaria presentada por la Cooperativa.

Denegada la solicitud de reconsideración, la Cooperativa instó el presente recurso de *certiorari,* en el que apuntó los siguientes señalamientos de error:

1) Erró el TPI al dictar resolución denegando la solicitud de sentencia sumaria al concluir que la figura de tercero inocente está estatutariamente limitada a los contratos de arrendamiento a corto plazo según definido en el Artículo 25 de la Ley Uniforme de Confiscaciones.

2) Erró el TPI al dictar resolución denegando la solicitud de sentencia sumaria implicando que es necesario celebrar un juicio en su fondo para dirimir la credibilidad del testimonio sobre si se consintió o entregó voluntariamente la posesión del vehículo implicado en la comisión del delito y por el que se confisca, cuando tal hecho incontrovertido surge del contrato de arrendamiento.

3) Erró el TPI al dictar resolución denegando la solicitud de sentencia sumaria equiparando los términos y condiciones de un contrato de arrendamiento a una mera mención de unas advertencias "en letras pequeñas" lo que lo hace insuficiente para adjudicar que se ha tomado medidas cautelares e instrucciones especificas suficientes.

En síntesis, la Cooperativa entiende que el TPI erró al no dictar sentencia sumaria a su favor decretando la nulidad de la confiscación al amparo de la defensa del tercero inocente toda vez que, a su juicio, la prueba documental que ofreció acreditó tal condición, al demostrar que tomó las medidas cautelares necesarias para impedir el mal uso del vehículo confiscado.

El 10 de febrero de 2023, este Tribunal dictó una resolución al amparo de la Regla 79 (C) de nuestro Reglamento[13], mediante la cual ordenó la paralización de los procedimientos ante el TPI.

Posteriormente, la Oficina de Procurador General presentó el *Alegato del Gobierno de Puerto Rico.*

II.

-A-

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[14]

En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari.*[15] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que

---

[13] 4 LPRA Ap. XXII-B, R. 79 (C).
[14] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[15] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

debemos tomar en consideración al evaluar si debemos expedir un auto de *certiorari*. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[16] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

-B-

El mecanismo de sentencia sumaria, regulado por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, permite al tribunal disponer de un caso sin celebrar vista en su fondo, cuando solo resta aplicar el derecho a los hechos incontrovertidos.[17] El Tribunal podrá dictar sentencia sumaria solamente cuando no exista ninguna controversia real sobre los hechos materiales y esenciales del caso y

---

[16] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[17] *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 676 (2018); *Abrams Rivera v. E.L.A.,* 178 DPR 914, 932 (2010); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

que, como cuestión de derecho, proceda dictarse sentencia sumaria a favor de la parte promovente. 32 LPRA Ap. V, R. 36.3(e).[18]

En particular, la Regla 36.4 de Procedimiento Civil, *supra,* establece lo siguiente en cuanto a las obligaciones de los tribunales al atender solicitudes de sentencia sumaria:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales pertinentes que estén realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.
>
> A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno.

Como se observa, se le requiere a los tribunales que aun cuando denieguen, parcial o totalmente, una moción de sentencia sumaria, determinen hechos que han quedado incontrovertidos y aquellos que aún están en controversia.[19] En *Meléndez González, et al. v. M. Cuebas*[20]*,* el Tribunal Supremo esbozó lo que explica el tratadista José A. Cuevas Segarra sobre esta exigencia:

> Esta regla se modificó para disponer que el tribunal [...] está obligado a determinar, mediante resolución, los hechos esenciales y pertinentes sobre los que no existe controversia sustancial, así como aquellos hechos que estén controvertidos, a los fines de que no se tenga[n] que relitigar los hechos que no están en controversia.
>
> [...]
>
> Lo importante de esta regla es que el nuevo texto mejorado hace énfasis en el carácter mandatorio de la determinación de los hechos materiales sobre los cuales

---

[18] *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión,* supra, pág. 214; *González Aristud v. Hosp. Pavía,* 168 DPR 127, 137-138 (2006).
[19] *Meléndez González, et al. v. M. Cuebas,* 193 DPR 100, 113 (2015).
[20] *Íd.,* pág. 113.

> no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos. *Esta es la única forma de propiciar una revisión adecuada por los foros apelativos.*

(Bastardillas en el original. Citas omitidas).

También, en *Meléndez González, et al. v. M. Cuebas,* el Tribunal Supremo estableció el estándar específico, que, como foro apelativo, debemos utilizar al evaluar las concesiones o denegatorias de mociones de sentencia sumaria. A tales efectos, indicó que, de entrada, debemos examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil y la jurisprudencia exigen al foro primario. Además, debemos revisar que tanto la moción de sentencia sumaria, así como su oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil.[21] Igualmente, hay que revisar si existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil de exponer concretamente cuáles hechos materiales están en controversia y cuáles están incontrovertidos.[22] Por el contrario, si encontramos que los hechos materiales del caso realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí.[23]

III.

En la *Resolución* impugnada en el presente recurso, en la que el TPI denegó la solicitud de sentencia sumaria presentada por la parte peticionaria, dicho foro no llevó a cabo el ejercicio que requiere la Regla 36.4 de Procedimiento Civil, *supra.* Por lo cual, a tenor con la autoridad que nos concede la Regla 52.1 de Procedimiento Civil, *supra,* para atender una denegatoria de una moción de carácter

---

[21] *Íd.,* pág. 118.
[22] *Íd.,* pág. 119.
[23] *Íd.; Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

dispositivo, y los criterios (A), (E) y (F) de la Regla 40 de nuestro Reglamento, *supra*, concluimos que procede la expedición del auto.

La Regla 36.4 de Procedimiento Civil, *supra*, claramente dispone que, si se deniega una moción de sentencia sumaria, "<u>será obligatorio</u> que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente de buena fe controvertidos". (Subrayado nuestro).

En su determinación, el TPI denegó la moción de sentencia sumaria expresando que debía evaluar si las advertencias en "letras pequeñas" que la arrendadora incluyó en el contrato de *leasing* constituían garantía suficiente para adjudicar que ésta tomó las medidas cautelares para evitar el uso ilegal de la propiedad. Coligió, además, que el *leasing* de este caso excede el periodo total de tres (3) meses, por lo que a la parte peticionaria no le cobijaba la excepción aplicable a los arrendamientos a corto plazo. Por último, concluyó que de la prueba presentada hasta el momento, la parte demandante no cumple con los requisitos para poder beneficiarse de la figura del tercero inocente[24].

En resumen, aunque el TPI esbozó las conclusiones de derecho correspondientes, el dictamen no incluyó **una enumeración de los hechos incontrovertidos ni aquellos que se encuentran en controversia**. Como se ha mencionado, a tenor con la Regla 36.4 de Procedimiento Civil, *supra,* el TPI tiene la obligación de establecer los hechos que están o no están en controversia cuando se deniega en parte o totalmente una solicitud de sentencia sumaria.

---

[24] Ninguna de las expresiones concluyentes del TPI, están precedidas de determinaciones de hechos específicos. Igualmente se desconoce cuál fue la prueba presentada por la parte demandante, que utilizó o evaluó el TPI para llegar a su conclusión.

Por consiguiente, procede expedir el auto de c*ertiorari,* revocar la determinación y devolver el caso al TPI para que emita un dictamen en cuanto a la moción de sentencia sumaria presentada por la parte peticionaria que cumpla con las exigencias de la Regla 36.4 de Procedimiento Civil, *supra,* de manera que exponga aquellos hechos que están en controversia y los que no lo están. Ésta es la única forma de propiciar una revisión adecuada del dictamen por parte de este foro apelativo.

IV.

Por los fundamentos que anteceden, este Tribunal expide el auto de *certiorari,* revoca la *Resolución* recurrida y devuelve el caso al Tribunal de Primera Instancia para que proceda de conformidad con lo aquí resuelto.

Se deja sin efecto la paralización de los procedimientos judiciales decretada mediante nuestra *Resolución* del 10 de febrero de 2023.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones